UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

STEVEN UVA,
          Plaintiff,        :

    v.

CENTRAL CREDIT SERVICES INC.      :    Civil Action No.:
RICK RUBIN;                                               :
MS. LEE.                                                  :
                                                          :
          Defendants.

## COMPLAINT

**A.**    **Jurisdiction and Venue**

    1.    Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

    2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.**    **Parties**

    3.    Plaintiff Steven Uva is a natural person who resides at 58 Eventide Lane, Levittown, PA 19054.

    4.    Defendant CENTRAL CREDIT SERVICES, INC. is a corporation with an agent for service of civil process being Corporation Service Company in Harrisburg, PA. Defendant regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

5. Defendant Rick Rubin (hereinafter "Defendant Rubin") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Ms. Lee (hereinafter "Ms. Lee") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## C. Factual Allegations

7. Prior to the collection activity hereinafter described, plaintiff had a credit card debt with Sam's Club [hereinafter "the debt"].

8. On or about the following dates in 2008, defendant contacted plaintiff at his place of work to collect the debt:

   a) January 8, 2008, 9:42 AM – plaintiff receives two (2) phone calls from female collector;

   b) January 8, 2008, – upon 3rd call plaintiff requests no more calls be made to him concerning the debt. Female collector refuses and threatens "legal action";

   c) January 8, 2008, – Female collector again threatens "legal action";

   d) January 14, 2008, –plaintiff requests no more calls be made to him concerning the debt. Collector refuses and says they will call every day;

   e) January 16, 2008, – Collector calls saying they are from defendant's legal department. Plaintiff requests no more calls, defendant refuses and hangs up;

   f) January 22, 2008 - Collector threatens legal action. Plaintiff requests that the harassing phone calls stop, defendant threatens legal action again. Plaintiff hangs

up;

g) January 23, 2008, – Collector calls saying they are from defendant's legal department. Plaintiff requests no more calls and hangs up on defendant.

h) January 23, 2008 – collector calls twice more which plaintiff allows to go to voice mail rather than answer;

i) January 24, 2008, – Collector calls. Plaintiff requests no more calls. Collector threatens legal action again;

j) January 25, 2008, – defendant Rubin calls. Plaintiff requests no more calls. Rubin refuses to stop the calls and plaintiff hangs up;

k) January 28, 2008, – Collector calls, plaintiff allows to go to voice mail rather than answer.

l) January 30, 2008 - Collector calls, plaintiff allows to go to voice mail rather than answer.

m) January 31, 2008 - Collector calls, plaintiff allows to go to voice mail rather than answer.

n) February 1, 4, 5, and 6, 2008 - Collector calls, plaintiff allows to go to voice mail rather than answer.

o) February 11, 2008 – Talked to Ms. Lee, plaintiff requested no more calls. Plaintiff receives a 2nd call and allows it to go to voice mail rather than answer.

p) February 13, 2008 – Ms. Lee calls again, is rude and threatens legal action again. She calls again and plaintiff advises her the defendant's conduct is harassing him.

9. Plaintiff has not paid the debt and Defendant has not sued plaintiff.

**D.     Cause of Action**

### Violations of the FDCPA

10.    At all times relevant hereto Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

11.    Defendants, by their conduct as described above, violated the FDCPA as follows:

   a) §1692d, Engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person;

   b) §1692d(2), Used abusive language;

   c) §1692e(3), Stated an individual is an attorney or that a communication is from an attorney when the person calling plaintiff was a non-attorney;

   d) §1692e(5), Threatened to take an action that is not intended to be taken

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

   A. Declaratory judgment that defendants' conduct violated the FDCPA.

   B. Statutory damages pursuant to 15 U.S.C. § 1692k;

   C. Damages for emotional distress;

   D. Reasonable attorney fees and costs.

### TRIAL BY JURY

12.    Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

Dated: <u>March 11, 2008</u>            <u>RC 935</u>
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
437 Chestnut Street, Suite 1006
Philadelphia, PA 19106
(215) 351-0200